UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WESTPORT INSURANCE CORP., ET          CIVIL ACTION
AL.


VERSUS                                NO: 06-7733


UNIVERSAL SPECIALTY                   SECTION: "A" (4)
UNDERWRITERS OF LOUISIANA,
INC., ET AL.


### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 15)** filed by

plaintiffs Westport Insurance Corp. ("Westport") and Robert L.

Aubert & Co. ("Aubert").  Defendant Century Surety Co. ("Century")

opposes the motion.  The motion, set for hearing on July 25, 2007,

is before the Court on the briefs without oral argument.  For the

reasons that follow the motion is **GRANTED.**

### I.    BACKGROUND

Westport and Aubert (collectively "Plaintiffs") initiated this

suit in state court against Century and Universal Specialty

Underwriters of Louisiana, Inc.  ("Universal").  Aubert is an

insurance agency.  In 2004 Aubert procured a policy of insurance

for Russell's Quick Stop.  Universal, an agent and broker for

Century, placed coverage with Century.  In July 2005, Aubert, on

behalf of its client Quick Stop, obtained a quote from Universal to

renew the policy with Century for another year.  The renewal quote

included a wind/hail exclusion which had not been part of the 2004-

2005 policy.  Aubert contends that the exclusion was not obvious on

the renewal quote and further contends that Universal and Century did not bring the change to Aubert's attention.   Consequently, Aubert did not tell Quick Stop about the wind/hail exclusion.

Shortly thereafter, Hurricane Katrina caused extensive wind and storm damage to Quick Stop's property.  Century denied coverage citing the wind/hail exclusion.   Aubert, and its E & O carrier Westport, settled Quick Stop's damage claims.   According to Plaintiff, Universal and Century declined to contribute to the settlement so they filed the instant suit.  Westport contends that it is subrogated to the interests of its insured, Aubert, for all payments made to Quick Stop.[1]

Century removed the case even though Aubert and Universal are both Louisiana citizens.  Century claims that Plaintiffs improperly joined Universal so its citizenship must be disregarded for purposes of determining whether the Court has diversity jurisdiction over this case.  In particular, Century contends that any claim against Universal is prescribed and/or peremped under

---

[1] Westport and Aubert are both plaintiffs.  Although Westport paid the greater portion of Quick Stop's claim, Aubert paid the applicable deductible.

In the motion to remand, Plaintiffs state that they are suing as subrogees of *Quick Stop*'s claims against Universal. (Memo. at 5).  However, in the petition Aubert claims to be suing in its own right for return of the deductible and Westport claims to be suing as subrogee of *Aubert*'s rights against Universal. (Pet. ¶ 1).  It is unclear in what capacity Plaintiffs are making their claims but it likely makes no difference to the instant analysis.

Louisiana law.[2]

## II.  **DISCUSSION**

Century argues that Plaintiffs have improperly joined Universal because Plaintiffs' claims against Universal are perempted pursuant to La. R.S. 9:5606.  Century contends that the wind/hail exclusion could have easily been discovered by the insured upon reading the policy--an obligation imposed by the law. Century points out that the quote forwarded to Aubert advised the agent to review the policy before delivering it to the insured to confirm that all requested coverages were included.  Moreover, the policy premium for the renewal had dropped by 15 percent. According to Century, even a cursory review of the policy would have revealed the exclusion.  Under the facts Century argues that Plaintiffs had constructive knowledge that the policy excluded wind/hail coverage no later than early August 2005.  Plaintiffs filed this suit on August 25, 2006.

Plaintiffs argue that Quick Stop did not learn about the wind/hail exclusion until Century denied the claims following Hurricane Katrina.  Plaintiffs argue that they filed suit within

---

[2] Century also removed based on the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  The MMTJA does not provide a basis for Century to remove this suit.  See Berry v. Allstate, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Case v. ANPAC La. Ins. Co., No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.).

one year of Hurricane Katrina and that their claims are not perempted because it had not been one year since Quick Stop discovered Aubert's alleged negligence.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).  The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648).  However, the scope of inquiry

4

for fraudulent joinder is broader than that for Rule 12(b)(6)
because for an improper joinder analysis the court's review is not
limited to the pleadings.  See id. at 462-63.  Rather, the court
may "pierce the pleadings" and consider summary judgment-type
evidence.  Id. at 463 (citing Travis, 326 F.3d at 648-49).

La. R.S. 9:5606, entitled Actions for Professional Insurance
Agent Liability, provides in relevant part:

> No action for damages against any insurance agent,
> broker, solicitor, or other similar licensee under this
> state, whether based upon tort, or breach of contract, or
> otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed in a
> court of competent jurisdiction and proper venue **within
> one year from the date of the alleged act, omission, or
> neglect, or within one year from the date that the
> alleged act, omission, or neglect is discovered or should
> have been discovered.**  However, even as to actions filed
> within one year from the date of such discovery, in all
> events such actions shall be filed at the latest within
> three years from the date of the alleged act, omission,
> or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis
added).  Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation
> provided in Subsection A of this Section are peremptive
> periods within the meaning of Civil Code Article 3458
> and, in accordance with Civil Code Article 3461, may not
> be renounced, interrupted, or suspended.

Id. § 5606(D).  Peremption differs from prescription in that it
extinguishes or destroys the legal right to which it applies.  Bel
v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st

Cir. 2003) (citing <u>Coffey v. Block</u>, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

It is undisputed that Quick Stop's original policy with Universal did not contain a wind/hail exclusion. And it is beyond cavil that by adding such an exclusion Universal materially and significantly altered the policy. The renewal quote is four pages long. In two separate places the renewal quote has boxes checked alongside small print that indicate a wind/hail exclusion but those boxes are grouped with numerous other boxes many of which are also checked. (Exh. A to Def. oppo.). The wind/hail exclusion was certainly ascertainable from the renewal quote although not *prominently* displayed. In contrast, the renewal quote devotes an entire page to informing the policy holder that the policy includes coverage for acts of terrorism in compliance with federal law. (Exh. A to Def. oppo.). Under the facts as established by the current record the Court cannot conclude with certainty that Aubert *should have known* of the exclusion upon receiving the quote.

Similarly, the Court cannot conclude with certainty that any claim that Quick Stop might have had against Universal is clearly perempted. In Louisiana an insured is generally responsible for reading his policy and he is presumed to know its provisions. <u>Dobson v. Allstate Ins. Co.</u>, No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.) (citing <u>Motors Ins. Co. v. Bud's Boat</u>

<u>Rental</u>, 917 F.2d 199, 205 (5th Cir. 1990); <u>Stephens v. Audubon Ins.</u>
<u>Co.</u>, 665 So. 2d 683, 686 (La. App. Ct. 1996)).  Although Plaintiffs
state in their memorandum that Aubert mailed Quick Stop its new
policy in July 2005, the record contains a transmittal letter dated
August 2, 2005, from Universal forwarding the new policy to Aubert.
It is therefore unclear when Quick Stop received its copy of the
new policy and even more unclear when Quick Stop should have known
about the policy's new exclusion.

In sum, Defendant has not negated the possibility that the
claims against Universal are timely.  Because the parties are not
completely diverse the Court lacks subject matter jurisdiction over
this case.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 15)** filed
by plaintiffs Westport Insurance Corp. and Robert L. Aubert & Co.
should be and is hereby **GRANTED**.  This case is **REMANDED** to the
state court from which it was removed pursuant to 28 U.S.C. §
1447(c) for lack of subject matter jurisdiction.  The request for
attorney's fees is **DENIED**.

August 10, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

7